# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HUGO J. LUA, | ) | Case No. CV 10-3548 DOC (JCG) |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND ORDER |
| | ) | DISMISSING COMPLAINT, IN PART, |
| v. | ) | WITH LEAVE TO FILE A FIRST |
| | ) | AMENDED COMPLAINT WITHIN |
| ANISE ADAMS, *et al.*, | ) | THIRTY DAYS |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

# I.

# PROCEEDINGS

On July 14, 2010, plaintiff Hugo J. Lua ("Plaintiff"), a California prisoner proceeding *pro se*, filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983.[1]  The Complaint names two defendants:  (1) Anise Adams, M.D., chief surgeon at CSP-LAC ("Dr. Adams"); and (2) P. Finander, chief medical officer at CSP-LAC ("Dr. Finander").  (Complt. at 1, 4.)  Dr. Adams and Dr. Finander are sued in both their individual and official capacities.  (*Id.* at 4.)  For the reasons discussed below, the Complaint is dismissed, in part, with leave to amend.

---

[1] Plaintiff is currently incarcerated at California State Prison, Los Angeles County ("CSP-LAC").  (Compl. at 1.)

## II.

## **ALLEGATIONS OF THE COMPLAINT**

Plaintiff alleges that he has been denied adequate medical care by Dr. Adams and Dr. Finander because of their failure to provide Petitioner with certain medical supplies and medications.  Petitioner alleges that due to a back injury, he suffers from severe pain "every day," which interrupts and limits his daily activities.  (Complt. at 1, 4.)  Specifically, Plaintiff claims that the pain originates in his "lower back," and shoots sharply down both of his legs, causing "tingling" and "numbness" in his legs.  (*Id.* at 7, 18.)  Because of the pain, Plaintiff has trouble sleeping, bending, standing, sitting, and walking, and it has also caused him to fall down, sprain his ankle, and hit his head.  (*Id.*)

Plaintiff further alleges that the pain "makes it difficult to empty his bladder," and has caused constipation and problems with his "bowel movements."  (Complt. at 4, 7, 14, 16.)  Because of these problems, Plaintiff catheterizes himself and takes laxatives.  (*Id.* at 1.)  When "the pain is reduced," Petitioner finds that his inability to urinate is "less of a problem."  (*Id.* at 17.)  Petitioner alleges that he has been in a state of mental distress over the last eleven months, and that he has attempted to commit suicide because of the pain.  (*Id.* at 20.)

To alleviate the pain, Plaintiff has requested certain medical supplies and medications from Dr. Adams and Dr. Finander, which have been refused.  Plaintiff alleges that Dr. Adams has refused to prescribe him a back brace, an eggcrate mattress, catheters, and laxatives.  (Complt. at 15.)  Petitioner claims that these medical items were previously provided to him at other California prisons.  (*Id.* at 4.)

Plaintiff further alleges that Dr. Finander has denied him certain pain medications (ultram, morphene, or fentanyl), and instead prescribes him different pain medications (tylenol 3, neorotin).  (Complt. at 15, 16.)  Plaintiff claims that he has told Doctor Finander that the prescribed medications are not helping and that the pain is increasing, but Dr. Finander continues to deny the requested medications.  (*Id.* at 4,

17.)  Plaintiff states that he previously took the requested medications at other prisons, and that they are the only medications that will help.  (*Id.* at 6.)

Based on these allegations, Plaintiff appears to allege violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and the Eighth Amendment.  (Complt. at 2.)  Plaintiff seeks injunctive relief and $100,000 in damages for pain and suffering.  (*Id.* at 2, 4.)

## III.

## LEGAL STANDARDS

The Prison Litigation Reform Act obligates the Court to review complaints filed by all persons proceeding *in forma pauperis*, and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program."  *See* 28 U.S.C. §§ 1915(e)(2)-(h) and 1915A.  Under these provisions, the Court must *sua sponte* dismiss any prisoner civil rights action and all other *in forma pauperis* complaints, or any portions thereof, which are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune.  *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*).  Dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988, *as amended* Feb. 27, 1990 and May 11, 1990).

Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8 does not require "detailed factual allegations," a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  Thus, a complaint must contain "enough facts to state a claim

to relief that is plausible on its face." *Id.* at 570.  A claim has facial plausibility when the plaintiff pleads enough factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that the conduct violated a right secured by the Constitution or laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009, *as amended* Jan. 15, 2009 and Jan. 30, 2009), *cert. granted in part*, 130 S.Ct. 1501 (2010) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## IV.

## DISCUSSION

A.   Plaintiff Fails to State a Claim Under the Americans With Disabilities Act
      or the Rehabilitation Act

"Title II of the ADA and § 504 of the RA both prohibit discrimination on the basis of disability.  The ADA applies only to public entities, whereas the RA proscribes discrimination in all federally-funded programs."[2] *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002), *cert. denied*, 537 U.S. 1105 (2003).  "To establish a violation of Title II of the ADA, [Plaintiff] must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of [his] disability." *Id.* "To establish a violation of § 504 of the RA, [Plaintiff] must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason

[2] The ADA and RA apply to inmates in state prisons. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998); *Armstrong v. Wilson*, 124 F.3d 1019, 1022-1023 (9th Cir. 1997), *cert. denied*, 524 U.S. 937 (1998).

of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance.  *Id.*

Thus, under both the ADA and the RA, Plaintiff must allege that he was denied access to some benefit, service, program, or activity "by reason of his" disability or handicap.  *Lovell*, 303 F.3d at 1052.  Here, Plaintiff fails to set out any allegations demonstrating that he was denied some benefit, service, program, or activity based on any disability, and instead, simply alleges that he was denied certain medical supplies and medications to treat his pain.  However, the treatment or lack of treatment for a medical condition does not provide a basis upon which to impose liability under the ADA or the RA.  *Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."); *Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) (*per curiam*) ("a lawsuit under the Rehab Act or the [ADA] cannot be based on medical treatment decisions[.]"); *Schiavo v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005) (*per curiam*) ("The Rehabilitation Act, like the ADA, was never intended to apply to decisions involving ... medical treatment."); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (the ADA is not "violated by a prison's simply failing to attend to the medical needs of its disabled prisoners[.]  The ADA does not create a remedy for medical malpractice.") Consequently, Plaintiff's ADA and RA claims are dismissed for failure to state a claim upon which relief could be granted.

   B.   Plaintiff Fails to State an Official Capacity Claim Against Dr. Adams or Dr. Finander

An official capacity suit "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent."  *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) (internal quotation marks and citation omitted).  "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Id.* at 166; *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials

1   in their official capacity ... should be treated as suits against the State.")

2   "[T]o establish *personal* liability in a § 1983 action, it is enough to show that the

3   official, acting under color of state law, caused the deprivation of a federal right.  More

4   is required in an official-capacity action, however, for a governmental entity is liable

5   under § 1983 only when the entity itself is a 'moving force' behind the deprivation ...;

6   thus, in an official-capacity suit[,] the entity's 'policy or custom' must have played a

7   part in the violation of federal law."  *Graham*, 473 U.S. at 166 (internal quotation

8   marks and citation omitted); *Hafer*, 502 U.S. at 25 (internal quotation marks and

9   citation omitted) ("Because the real party in interest in an official-capacity suit is the

10  governmental entity and not the named official, the entity's policy or custom must

11  have played a part in the violation of federal law.")

12  Here, Plaintiff has not identified any policy or custom of CSP-LAC that was the

13  "moving force" behind a deprivation of Plaintiff's constitutional rights.  In fact,

14  Plaintiff fails to identify any policy or custom *at all* in his Complaint for any purpose.

15  Accordingly, Plaintiff's claims against Dr. Adams and Dr. Finander, in their official

16  capacities, are dismissed for failure to state a claim upon which relief could be granted.

17

18  **V.**

19  **LEAVE TO AMEND**

20  The Court must construe "pro se pleadings ... liberally ..., particularly where

21  civil rights claims are involved."  *Balistreri*, 901 F.2d at 699.  But "a liberal

22  interpretation of a civil rights complaint may not supply essential elements of the claim

23  that were not initially pled."  *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d

24  266, 268 (9th Cir. 1982).  Accordingly, *pro se* litigants must be given leave to amend

25  unless it is absolutely clear that the deficiencies in a complaint cannot be cured.  *Lucas*

26  *v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (*per curiam*).  As the Court is

27  unable to determine whether amendment to the Complaint would be futile, leave to

28  amend is granted in an abundance of caution.

1    By September 17, 2010, Plaintiff may submit a First Amended Complaint to

2    cure the deficiencies discussed above.  The Clerk of Court will mail Plaintiff a

3    court-approved form to use for filing the First Amended Complaint.  If Plaintiff fails to

4    use the court-approved form, the Court may strike the First Amended Complaint and

5    dismiss this action without further notice.

6    If Plaintiff chooses to file a First Amended Complaint, it must comply with

7    Federal Rule of Civil Procedure 8, and contain short, plain statements explaining:  (1)

8    the constitutional right Plaintiff believes was violated; (2) the name of the defendant

9    who violated that right; (3) exactly what that defendant did or failed to do; (4) how the

10   action or inaction of that defendant is connected to the violation of Plaintiff's

11   constitutional right; and (5) what specific injury Plaintiff suffered because of that

12   defendant's conduct.  *See* 42 U.S.C. § 1983; Fed. R. Civ. P. 8; *see also Humphries*,

13   554 F.3d at 1184; *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).  If Plaintiff fails to

14   affirmatively link the conduct of the defendant with the specific injury suffered by

15   Plaintiff, the allegation against that defendant will be dismissed for failure to state a

16   claim.  Conclusory allegations that a defendant has violated a constitutional right are

17   not acceptable and will be dismissed.

18   Plaintiff must clearly designate on the face of the document that it is the "First

19   Amended Complaint," and it must be retyped or rewritten in its entirety on the

20   court-approved form.  The First Amended Complaint may not incorporate any part of

21   the original Complaint by reference.

22   Any amended complaint supercedes preceding complaints.  *Ferdik v. Bonzelet*,

23   963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  After amendment,

24   the Court will treat the original Complaint as nonexistent.  *Id.*  Any claim that was

25   raised in the Complaint is waived if it is not raised again in the First Amended

26   Complaint.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

27

28

## VI.

### ORDER

1.     Plaintiff's ADA and RA claims are **DISMISSED** with leave to amend, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, for failure to state a claim on which relief may be granted.

2.     Plaintiff's claims against Dr. Adams and Dr. Finander, in their official capacities, are **DISMISSED** with leave to amend, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, for failure to state a claim on which relief may be granted.

3.     Plaintiff is given leave to amend and is **GRANTED** up to and including September 17, 2010, to file a First Amended Complaint curing the deficiencies discussed above.  Plaintiff is **NOTIFIED** that the First Amended Complaint may not add new claims or new defendants that were not involved in the conduct, transactions, or occurrences set forth in the Complaint.  Fed. R. Civ. P. 15(c).  The First Amended Complaint shall be retyped or rewritten so that it is complete in itself without reference to the Complaint, and shall be submitted on the court-approved form.  After amendment, the Court will treat the Complaint as nonexistent.

4.     If Plaintiff fails to file a First Amended Complaint by September 17, 2010 and/or such First Amended Complaint fails to comply with the requirements set forth in this Memorandum and Order, the Court may recommend that this action, or portions thereof, be dismissed with prejudice.

5.     The Clerk of Court is **DIRECTED** to send Plaintiff a prisoner civil rights complaint form so that he may amend the Complaint.

IT IS SO ORDERED.


DATED:  August 18, 2010                                    /s/

                                       _____

                                         Hon. Jay C. Gandhi
                                 United States Magistrate Judge